# In the United States Court of Federal Claims

No. 21-1447
(February 27, 2026)

```
* * * * * * * * * * * * * * * * *
                                *
JASON LAMBRO,                   *
                                *
                Plaintiff,      *
                                *
        v.                      *
                                *
THE UNITED STATES,              *
                                *
                Defendant.      *
                                *
* * * * * * * * * * * * * * * * *
```

*Joseph A. Whitcomb*, Whitcomb, Selinsky, P.C., of Lakewood, CO, for Plaintiff.

*Matthew J. Carhart*, Senior Trial Counsel, with whom were *Eric P. Bruskin*, Assistant Director, *Patricia M. McCarthy*, Director, and *Yaakov M. Roth*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, all of Washington, D.C., for Defendant, and *Jenna Galas*, Assistant General Counsel, U.S. Agency for Global Media, of Washington, D.C., of counsel.

## OPINION AND ORDER

**SOMERS**, Judge.

Before the Court is Plaintiff's motion to certify questions decided in the Court's April 1, 2025, opinion and order for interlocutory appeal. *See* ECF No. 79. In that order, the Court granted in part and denied in part the government's motion for judgment on the pleadings, finding that (1) Plaintiff did not timely file a collective action under the Fair Labor Standards Act ("FLSA"), and (2) Plaintiff's motion to amend his complaint to add Charles Nixon as a plaintiff was futile. *See* ECF No. 78. Now, Plaintiff asks the Court to certify these issues for interlocutory appeal or, in the alternative, to enter final judgment against Mr. Nixon under Rule 54(b) of the Rules of the U.S. Court of Federal Claims ("RCFC"). For the reasons set out below, the Court denies Plaintiff's motion to certify the Court's April 1, 2025, opinion and order for interlocutory appeal and denies his motion to enter final judgment as to Mr. Nixon.

## BACKGROUND

The factual background of this case is set out in the Court's 2022 memorandum opinion and order in this case. *See generally Lambro v. United States*, 162 Fed. Cl. 344 (2022), *vacated*

*and remanded*, 90 F.4th 1375 (Fed. Cir. 2024).  Relevant here, Plaintiff Jason Lambro brought an individual and collective action on January 28, 2021, against the U.S. Agency for Global Media ("USAGM"), alleging violations of the FLSA.  ECF No. 1 at 1.  Plaintiff worked as a studio technician for Voice of America ("VOA"), an affiliate of USAGM, "from 2002 to approximately July 2020 . . . ."  ECF No. 40 ¶¶ 14, 17, 25.  In his complaint, Plaintiff alleges that USAGM willfully misclassified Plaintiff and other putative collective members as independent contractors when they should have been treated as employees for FLSA purposes.  *Id.* ¶¶ 3, 53–58.  As a result of their alleged misclassified employment status, Plaintiff and putative collective members asserted that they were deprived of benefits available to federal employees, but not independent contractors, under the FLSA.  *Id.* ¶¶ 4–5.  Mr. Lambro is the only named plaintiff in the operative complaint, *id.* ¶¶ 14–22, and did not file his separate, written consent to become a member of an FLSA collective action until June 18, 2024, ECF No. 58-4 at 2.

On August 21, 2024, after a 2022 decision by this Court dismissing Plaintiff's complaint and an appeal to the U.S. Court of Appeals for the Federal Circuit, which are not relevant for present purposes, Plaintiff moved to amend his pleadings, including an amendment to add Charles Nixon, a former USAGM worker, as an additional plaintiff.  *See* ECF No. 68 at 3, 10; ECF No. 68-1 at 1 (captioning the proposed third amended complaint as "JASON LAMBRO and Charles Nixon . . ."); ECF No. 68-1 ¶ 42 (providing background information for Mr. Nixon's purported claims).  While that motion was pending, based on arguments raised by the government in a joint status report, the Court ordered supplemental briefing on whether Plaintiff's case was barred by the applicable statute of limitations.  ECF No. 71 at 1.  In its supplemental brief, the government moved for judgment on the pleadings, or, in the alternative, for summary judgment.  *See* ECF No. 74 at 1.  On April 1, 2025, this Court granted in part and denied in part the government's motion.  *Lambro v. United States*, 175 Fed. Cl. 536, 539 (2025), *appeal dismissed*, No. 2025-1825, 2025 WL 2304784 (Fed. Cir. Aug. 11, 2025) [hereinafter "April 1st Order"].  In that decision, the Court found that Plaintiff did not timely file a collective action under the FLSA:

> Plaintiff filed his complaint on January 28, 2021, but . . . because his consent was not filed until June 18, 2024, the action is not "considered to be commenced in the case of [Plaintiff]" until June 18, 2024.  Therefore, Plaintiff's collective action is time-barred because his claims end in "approximately July 2020," which is outside the FLSA's three-year statute of limitations for willful violations.

*Id.* at 548 (alteration in original) (footnote and citations omitted); *see id.* at 550 (dismissing claims as time-barred for failure to "demonstrate that his collective action claims are entitled to equitable tolling").  The Court also denied Plaintiff's motion to amend the complaint to add Mr. Nixon as futile.  *Id.* at 551 ("The Court lacks the jurisdiction to decide Mr. Nixon's retaliation claim, and, even if it had jurisdiction over the claim, Mr. Nixon's claim does not appear closely related enough to Plaintiff's claims to make joinder appropriate.").  In so ruling, the Court ordered Plaintiff to proceed on his individual claims and instructed him to file an amended complaint within thirty days of the issuance of the Court's opinion that "omit[ted] all allegations related to the putative collective and focuse[d] solely on the allegations that relate[d] to Plaintiff's individual claims that were raised in the amended complaint."  *Id.* at 552.

On April 17, 2025, Plaintiff subsequently filed a motion to certify the following three issues from the April 1st Order for interlocutory appeal:

(1) Whether this Court has jurisdiction under 28 U.S.C. § 1491(a)(1) to hear Mr. Nixon's claims for the government's violation of 29 U.S.C.S. § 215(a)(3);

(2) Whether the FLSA requires a named Plaintiff whose written complaint to the court undisputedly includes claims related to a collective or class of individuals must also file a separate, signed consent form with the court before he or she can be included in a collective action; and

(3) Whether the FLSA statute of limitations continues to run while a case is [ ] on appeal to the Court of Appeals for the Federal Circuit, when that appeal eventually leads to a remand.

ECF No. 79-1 at 2–3. In the alternative, Plaintiff asks that this Court "issue an order under RFC [sic] 54(b) stating that the order dismissing Mr. Nixon's retaliatory firing claims are a final order for the purposes of Mr. Nixon filing an appeal to the Court of Appeals for the Federal Circuit." ECF No. 79 at 2.

While this motion was pending, on May 29, 2025, putative plaintiff Mr. Nixon filed an appeal from the April 1st Order, characterizing the order as "a constructive dismissal of [his] claims" against USAGM. ECF No. 86 at 1. On May 30, 2025, the Federal Circuit took up the appeal, removing the case from this Court's jurisdiction. *Lambro*, 2025 WL 2304784, at *1 [hereinafter "Appeal Decision"] (per curiam). On August 11, 2025, the Federal Circuit issued an opinion dismissing the appeal for lack of jurisdiction. *See* Appeal Decision, at *1 (finding the appeal premature, as the Federal Circuit's jurisdiction "generally extends only to a 'final decision' of the Court of Federal Claims" and that an order "denying a motion for leave to amend a complaint to add the claims of additional plaintiffs is not a final order" (quoting *In re Wolfe*, 111 F.3d 142, 1997 WL 173205, at *2 (Fed. Cir. Mar. 20, 1997) (unpublished))). On October 2, 2025, the Federal Circuit issued the mandate formally returning jurisdiction over the case to this Court. *See* ECF No. 90. Now, the Court resumes consideration of Plaintiff's motion to certify the Court's April 1st Order for interlocutory appeal or to enter an RCFC 54(b) judgment with regard to Mr. Nixon's claims.

## DISCUSSION

### A.   Legal Standard

#### 1.   Interlocutory Appeal

Typically, the Federal Circuit only has jurisdiction over a "*final* decision of the United States Court of Federal Claims." 28 U.S.C. § 1295(a)(3) (emphasis added). A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). However, Congress carved out an exception to this finality requirement under 28 U.S.C. § 1292(d)(2):

> When the chief judge of the United States Court of Federal Claims issues an order . . . or when any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order . . . .

The standard articulated in section 1292(d)(2) for the Court of Federal Claims is "virtually identical" to the certification standard that applies to district courts under 28 U.S.C. § 1292(b). *Petro-Hunt, L.L.C. v. United States*, 91 Fed. Cl. 447, 451 (2010) (quoting *Am. Mgmt. Sys., Inc. v. United States*, 57 Fed. Cl. 275, 276 (2003)).

Despite this statutory carve out, the Supreme Court has held that interlocutory appeal is reserved for only "exceptional cases." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (internal quotation omitted); *see also Klamath Irr. Dist. v. United States*, 69 Fed. Cl. 160, 161 (2005) ("It is well-accepted that interlocutory appeals under this section are reserved for 'exceptional' or 'rare' cases and should be authorized only with great care."); *Favell v. United States*, 22 Cl. Ct. 132, 143 (1990) ("The legislative history of the statute, as well as the historic, and often repeated, policy against interlocutory appeals, suggests that great restraint should be used in permitting interlocutory appeals."); *accord Fujitsu Ltd. v. Tellabs, Inc.*, 539 F. App'x 1005, 1006 (Fed. Cir. 2013) (unpublished) ("Both the legislative history of Section 1292(b) and the case law emphasize that appellate courts should only grant interlocutory appeals under rare circumstances."). Therefore, for an issue to be eligible for interlocutory appeal, it must clear the high hurdle set forth by the three-part test in section 1292(d): "(i) there must be a 'controlling question of law . . . involved;' (ii) there must be a 'substantial ground for difference of opinion' regarding that question; and (iii) 'immediate appeal . . . may materially advance the ultimate termination of the litigation[.]'" *Petro-Hunt,* 91 Fed. Cl. at 451 (alterations in original) (quoting *Aleut Tribe v. United States*, 702 F.2d 1015, 1019 (Fed. Cir. 1983)).

A "controlling question of law" is one that "materially affect[s] issues remaining to be decided in the trial court." *Pikes Peak Fam. Hous., LLC v. United States*, 40 Fed. Cl. 673, 686 (1998) (emphasis omitted) (quoting *Brown v. United States*, 3 Cl. Ct. 409, 411 (1983)). Courts find a "substantial ground for difference of opinion" in cases in which there is more than a mere disagreement in interpretation between opposing parties. *See Am. Airlines, Inc. v. United States*, 71 Fed. Cl. 744, 746 (2006) (stating that such an approach would result in "interlocutory appeal [becoming] the rule, rather than the exception, and [would] undermine the established policy of requiring finality before appellate review is ripe" (citing *Caterpillar Inc.*, 519 U.S. at 74)). Accordingly, a "substantial ground for difference of opinion" more commonly "manifests itself as splits among the circuit courts, an intracircuit conflict or a conflict between an earlier circuit precedent and a later Supreme Court case, or, at very least, a substantial difference of opinion among the judges of this court." *Klamath*, 69 Fed. Cl. at 163 (citations omitted). Finally, whether certification would "materially advance the ultimate termination of the litigation" turns on considerations of "'judicial economy' and the need to avoid 'unnecessary delay and expense' and 'piecemeal litigation.'" *Coast Fed. Bank, FSB v. United States*, 49 Fed. Cl. 11, 14 (2001)

4

(quoting *Northrop Corp., Northrop Elecs. Sys. Div. v. United States*, 27 Fed. Cl. 795, 800–01 (1993)).

### 2.	Rule 54(b) Final Judgment

If unable to meet the high standard for interlocutory appeal, a plaintiff may seek certification of an order under RCFC 54(b) so that it may be properly appealed as a final judgment:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

RCFC 54(b).  The standard articulated in RCFC 54(b) is "virtually identical" to the standard that applies to district courts under the Rule 54(b) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Ga. Power Co. v. United States,* 143 Fed. Cl. 750, 756 n.6 (2019) ("[T]his court has noted that 'RCFC 54(b) is almost identical to Fed. R. Civ. P. 54(b).'" (quoting *Nat'l Austl. Bank v. United States*, 74 Fed. Cl. 435, 438 n.3 (2006))).

Of course, for RCFC 54(b) to apply, the party seeking final judgment must be a party to the case.  *In re Wolfe*, 111 F.3d 142, at *2 ("Petitioners' reliance on Rule 54(b) is misplaced because petitioners were never parties to the case.").  Moreover, even a bona fide party that moves to amend its complaint to add a new party may not seek judgment under RCFC 54(b) upon denial of a motion for leave to amend, as this denial is not considered a final order for RCFC 54(b) purposes.  *See Kahn v. Chase Manhattan Bank*, *N.A.*, 91 F.3d 385, 388 (2d Cir. 1996) ("It is well-settled that '[a]n order denying leave to amend a complaint is not a "final decision" . . . .' Accordingly, the district court's denial of the Plaintiffs' motion to amend their complaint would not be certifiable pursuant to Rule 54(b)." (alterations in original) (citation omitted)).

## B.	Analysis

As explained below, Plaintiff's motion does not meet the standard for interlocutory appeal set forth in 28 U.S.C. § 1292(d)(2).  Additionally, the Court denies Plaintiff's request to enter final judgment against Mr. Nixon under RCFC Rule 54(b), as Mr. Nixon is not a party to this litigation and, therefore, is not entitled to final judgment.

### 1.	Interlocutory Appeal

Responding to Plaintiff's motion to certify this Court's April 1st Order for interlocutory appeal, the government notes that Plaintiff "largely rehashes his opposition to [the government's] dispositive motion and reiterates his own opinion of the caselaw."  ECF No. 80 at 3.  Of course, it is well-established that a motion to certify a question for interlocutory appeal is not an opportunity to relitigate the underlying dispositive motion.  *See, e.g.*, *Oak Forest Prods., Inc. v. Hiscock & Barclay, LLP*, 114 F. Supp. 3d 76, 81 (W.D.N.Y. 2015) (denying certification of an

interlocutory appeal where "[the defendants'] submissions [sought] merely to reargue the underlying motion, and to urge the Court once again to apply a body of case law which the court has already determined is manifestly inapposite to the circumstances presented here"); *United States ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 868 (S.D. Ohio 2012) (explaining that section 1292(d) "is not an opportunity to relitigate these issues"). Thus, to the extent that Plaintiff's motion to certify is an attempt to relitigate already decided issues, his motion fails.

Moreover, to the extent that Plaintiff makes original arguments in his motion, he fails to demonstrate that the questions he seeks to certify for interlocutory appeal meet the requisite legal standard. As seen below, Plaintiff falls short of showing that these issues are "exceptional" or "rare," *Klamath*, 69 Fed. Cl. at 161, or that they present a "controlling question of law" with a "substantial ground for difference of opinion" whereby immediate appeal from an order may "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(d).

### a.    Plaintiff's arguments regarding the Court's written consent holding fail to meet the interlocutory appeal standard.

In its April 1st Order, the Court held that, under 29 U.S.C. § 256, Plaintiff's collective action did not commence until June 18, 2024, when Plaintiff filed his written consent to be part of a collective action. April 1st Order at 548. Accordingly, the Court determined that "Plaintiff's collective action [was] time-barred because his claims end[ed] in 'approximately July 2020,' which is outside the FLSA's three-year statute of limitations for willful violations." *Id.* Now, Plaintiff seeks to certify this decision for interlocutory appeal. However, Plaintiff's arguments are cursory at best, failing to clear the high hurdle set by the three-pronged interlocutory appeal standard.

First, Plaintiff asserts that an issue should qualify as a "controlling question of law" if it may impact *some* litigation, *somewhere*, at *some* point. *See* ECF No. 79-1 at 5 ("The question also potentially impacts future litigation . . . . future litigants should be afforded clarity on this issue."); *id.* at 10 ("[T]he controlling questions of law presented by the Court's Order will directly affect many litigants' ability to seek redress in this Court at all."). However, whether an issue is a "controlling question of law" and would "materially advance the ultimate termination of litigation" is not determined by potential effects on other future litigants. Rather, the Court evaluates the advancement of Plaintiff's *present litigation*—an argument that Plaintiff wholly fails to make. *See Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996) ("A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of *the* litigation . . . ." (emphasis added)). As previously stated by this Court, "even though the collective action that Plaintiff attempted to bring must be dismissed as time-barred, *Plaintiff may proceed on his individual claims*." April 1st Order at 552 (emphasis added); *see also* ECF No. 80 at 5 ("[W]hether this action proceeds as a collective action has no bearing upon Mr. Lambro's entitlement to relief under the FLSA."). Furthermore, as the government notes, to the extent that other potential plaintiffs are affected, "those potential plaintiffs are free to file any timely claims they have in a separate FLSA action in this Court. Those plaintiffs can even bring an FLSA collective action, so long as they identify a named plaintiff and file consents in a timely manner." ECF No. 80 at 5. Therefore, by Plaintiff's own

argument (or lack thereof), certifying this question for interlocutory appeal would not "materially advance the ultimate termination of the litigation" as a "controlling question of law" because Plaintiff fails to argue the question's bearing on *this* litigation.

Next, Plaintiff attempts to characterize the issue of named-plaintiff consent as presenting a "substantial ground for difference of opinion," by arguing that *Smith v. Pro. Transp., Inc.*, 5 F.4th 700 (7th Cir. 2021), offers the difference of opinion necessary to certify the issue for interlocutory appeal. ECF No. 79-1 at 5 ("[A]s the Seventh Circuit detailed in *Smith* (5 F.4th at 704), the Circuits are divided on the issue and the Supreme Court has never waded in on the matter."); *id.* at 7 ("[E]ven in *Smith*, the court detailed the differences in opinion that exist in the Circuits on this issue."). However—as Plaintiff admits—"[t]he Court has [already] thoroughly addressed Plaintiff's arguments on this issue." ECF No. 79-1 at 8; *see also* April 1st Order at 543–48 (thoroughly analyzing the statutory provisions governing the consent requirement of a named plaintiff in an FLSA collective action and the long line of cases that have rejected Plaintiff's view of the law). Therefore, in order to address the Court's previous analysis of this issue, Plaintiff needed to do more than summarily cite to a single case without further analysis or explanation of why the case raises a "substantial ground for difference of opinion." For instance, if there were, in fact, a substantial ground for difference of opinion, then Plaintiff should have been able to analyze (or at least directly cite to) cases in which this narrow issue has been decided in his favor. Instead, Plaintiff rotely cites *Smith* as authority essentially by *ipse dixit*. Thus, even if *Smith* demonstrates that there exists a plausible difference of opinion, Plaintiff has waived such an argument by failing to develop it. *See Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1305 (Fed. Cir. 2021) ("An issue that is merely alluded to and not developed as an argument in a party's brief is deemed waived.").

Even if Plaintiff did not waive this argument, a cursory review of *Smith* shows that the case does not improve Plaintiff's position. While the *Smith* court indeed states that "caselaw is somewhat inconsistent on the question [of] whether a separate form must be filed," its analysis on this point is dicta—the *Smith* court explicitly evades addressing the issue. *See Smith*, 5 F.4th at 703 ("We leave for another day the question whether the statute requires that written consent to be in a separate document, or if instead it is enough if the complaint itself clearly indicates the intent of the plaintiff to proceed collectively."). The decision in *Smith* can hardly present a "substantial ground for difference of opinion" on an issue it explicitly eschews. Moreover, even a hasty analysis of the cases that the *Smith* court cites to support its statement that the "caselaw is somewhat inconsistent" shows that these cases offer little support for Plaintiff's argument. *See id.* at 703–04. Each of these cases misses the mark: a direct holding—not merely dicta or a passing sentence—is needed to pose a "substantial ground for difference of opinion" on an issue.[1] Maybe this is why Plaintiff does not discuss these cases or any others in his motion.

---

[1] Federal courts, applying an equivalent interlocutory appeal standard to 28 U.S.C. § 1292(d)(2) under 28 U.S.C. § 1292(b), have found that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d. Cir. 1996). Accordingly, district courts have denied interlocutory appeal where a party only raised cases that "address[ed] this issue in dicta or [did] not address it altogether . . . [because] those cases do not illuminate the exact issue [sought to be certified for interlocutory appeal]." *Valdes v. Accts. Receivable Res.,*

Broadly, these cases fail to directly address the issue of named-plaintiff written consent, focusing instead on the rights of opt-in plaintiffs. *See Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 919 (5th Cir. 2008) ("[T]he language of [section] 216(b) and the cases construing that provision demonstrate that [the named plaintiff] cannot represent any other employees until they affirmatively opt in to the collective action."); *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 761 (9th Cir. 1981), *abrogated by*, *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) (finding the statute of limitations had been properly tolled to permit potential opt-in plaintiffs whose consent was ineffective to file with the court); *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 864 (9th Cir. 1977) *abrogated by*, *Hoffmann-La Roche Inc.*, 493 U.S. 165 (stating that under the FLSA, a person who does not opt in by filing written consent is neither bound by collective action adjudication nor barred from filing individual claims within the limitations period). Not only does the *Smith* court rely on cases that never actually raised the issue of named-plaintiff consent, but it also cites decisions in which the plaintiff had, in fact, filed a separate written consent. *See* Consent to Sue, *Simmons v. United Mortg. & Loan Inv., LLC*, No. 3:07 CV 496-MU, 2009 WL 2950879 (W.D.N.C. Sept. 14, 2009), *vacated and remanded*, 634 F.3d 754 (4th Cir. 2011), ECF No. 1-1 at 18; Notice of Consent to Become a Party Plaintiff, *Mickles v. Country Club Inc.*, No. 1:14-cv-01189-SCJ (N.D. Ga. Aug. 26, 2014), *aff'd in part, vacated in part*, 887 F.3d 1270 (11th Cir. 2018), ECF No. 20 at 1. In those circumstances, it is impossible that the issue could have been before those courts, let alone resolved by them.

At bottom, because Plaintiff did not meaningfully develop any argument explaining the relevance of these cases, the Court cannot discern what, if anything, Plaintiff intended the Court to draw from them. Instead, Plaintiff blindly relies on the *Smith* court's dicta, grounded in decisions in which the issue of named-plaintiff consent "has not always been squarely presented and thus the analysis has been somewhat thin." *Smith*, 5 F.4th at 704. And it follows that when an issue is not legally, or even factually, before a court, that court's decision simply cannot provide the "substantial ground for difference of opinion" necessary to certify an issue for interlocutory appeal. Accordingly, Plaintiff's request for certification of this question is denied.

### b. Plaintiff's equitable tolling arguments do not meet the certification standard.

In its April 1st Order, the Court found that Plaintiff's claims were not subject to equitable tolling because Plaintiff demonstrated neither "the requisite diligence nor the extraordinary circumstances that would warrant equitable tolling." April 1st Order at 548. The Court held that Plaintiff failed to act diligently because "[he] was reasonably on notice that failing to [file both a complaint and his written consent] would bar his collective action claim." *Id.* at 549. Moreover, Plaintiff failed to show that circumstances "both extraordinary *and* beyond [his] control"

---

*Inc.,* No. 19-80673-CV, 2021 WL 9037964, at *1 (S.D. Fla. June 15, 2021); *see also, e.g.*, *Carroll Shelby Licensing, Inc. v. Halicki*, No. 8:20-CV-01344-MCS-DFM, 2023 WL 2347391, at *3 (C.D. Cal. Jan. 30, 2023) (denying interlocutory appeal where the proponent failed to identify, "[o]ther than the Court's own musings in dicta . . . [any] authority calling [the issue] into question or dispute . . ."); *Chaloupkav. SLT/TAG Inc.*, No. CIV. 02-743-HU, 2003 WL 23538004, at *1 (D. Or. July 21, 2003) (finding dicta insufficient to pose a "substantial ground for difference of opinion").

prevented him from complying with the statute of limitations. *Id.* (emphasis in original) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016)). In fact, the Court found that the ability to file written consent was "*entirely* within [Plaintiff's] control." *Id.* (emphasis added).

Now, Plaintiff seeks to certify the Court's decision on this issue for interlocutory appeal. However, Plaintiff makes no effort to show that this issue is a "controlling question of law" based on a "substantial ground for difference of opinion" that would "materially advance the ultimate termination of the litigation." Instead, Plaintiff claims a Supreme Court case that he raised for the first time at oral argument, *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980), stands for the proposition that "when a trial Court commits a procedural error (like denying class certification) remand relates back to the original denial." ECF 79-1 at 5. According to Plaintiff, under *Geraghty*, "the deadline for Mr. Lambro to sign a consent form should have tolled" while Plaintiff's case "sat at [the Federal Circuit] from September 21, 2022[,] until June 13, 2024." *Id.* Furthermore, Plaintiff asserts that because "[t]he Court did not deal with the *Geraghty* case in its ruling" and the Federal Circuit "has never dealt with the application of *Geraghty* under the circumstances present in this case," it is an issue worthy of interlocutory appeal. *Id.*

Beyond failing to bring arguments under the applicable legal standard, Plaintiff raised *Geraghty* too late. As the government points out, "[i]t would be anomalous if Mr. Lambro were permitted to bring an interlocutory appeal so that the Federal Circuit can decide the significance of a case that he raised for the first time during oral argument." ECF No. 80 at 6 (citing *Sergent's Mech. Sys. v. United States*, 173 Fed. Cl. 56, 75 (2024) (deeming an argument presented for the first time at oral argument waived)); *see also* ECF No. 88 at 18:21–19:4 (stating at oral argument that "I fall on my sword here because I didn't include the Supreme Court case in my response . . . . But the Supreme Court case that I did not get my hands on before this is . . . the *Geraghty* case."). Because Plaintiff failed to raise his *Geraghty* argument in his initial briefing, the argument is waived. *Sarro & Assocs., Inc. v. United States*, 152 Fed. Cl. 44, 58 (2021) ("A party's failure to raise an argument in an opening or responsive brief constitutes waiver.").

Even if his argument was not waived, Plaintiff's reasoning fails on its own. Plaintiff interprets *Geraghty* as standing for the broad proposition that "a litigant [is] restored to the place he or she was in the minute before the Court's 'procedural error.'" ECF No. 79-1 at 9; *see also* ECF No. 88 at 19:13–16 ("[W]hen a Court commits a procedural error on this—and they use the instance of like denying a class certification—remand relates back to the original denial."). This reading is incorrect. As the government properly points out, "*Geraghty* stands for the proposition that a named plaintiff in a Rule 23 class action can appeal a denied class certification motion even if he no longer has a viable individual claim on the merits." ECF No. 80 at 6 (citing 445 U.S. at 394); *see also Geraghty*, 445 U.S. at 404 ("We therefore hold that an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied . . . . Our holding is limited to the appeal of the denial of the class certification motion." (footnote omitted)).

In sum, Plaintiff's reliance on *Geraghty* is misplaced. It neither alters the conclusion that Plaintiff failed to meet the standard for equitable tolling nor provides any basis to certify that

issue for interlocutory appeal.  Accordingly, the Court denies Plaintiff's request for certification of this question.

**c.    The denial of Plaintiff's motion to amend his complaint to add Charles Nixon as a plaintiff does not warrant interlocutory appeal.**

Finally, in its April 1st Order, this Court denied Plaintiff's motion for leave to amend his complaint to add another former VOA employee, Mr. Nixon, as an additional plaintiff.  April 1st Order at 551.  The Court denied this motion on two grounds: first, Mr. Nixon's and Plaintiff's claims were too unrelated to make joinder appropriate, and second, the Court lacks jurisdiction over the claims that relate to Mr. Nixon because they sound in tort.  *Id.* at 550 ("Mr. Nixon's theory of harm is neither from the same time period nor of the same nature as Plaintiff's alleged injuries . . . .  Moreover, Mr. Nixon's retaliation claim sounds in tort, and this Court cannot exercise jurisdiction over tort claims." (citations omitted)).  The Court's decision rested, in part, on binding precedent from the Federal Circuit.  *Id.* ("The Federal Circuit squarely addressed this issue in *Jentoft v. United States*, holding that FLSA retaliation claims sound in tort and that this Court lacks the jurisdiction to consider such claims." (citing 450 F.3d 1342, 1350 (Fed. Cir. 2006))).

In his petition, Plaintiff seeks to relitigate the Court's reliance on *Jentoft*.  *See* ECF. No. 79-1 at 4 (raising the questions of "whether this Court has jurisdiction to rule on Mr. Nixon's retaliation claims under 28 U.S.C. § 1491(a)(2)[2] [sic] and whether the Court of Appeal's ruling in *Jentoft* incorrectly relied on Supreme Court precedent that was repealed by the 1977 changes to the FLSA . . .").  In attempting to apply the standard for interlocutory appeal, Plaintiff posits that the Court's reliance on *Jentoft* in the present case is a "controlling question of law" that would "materially advance the ultimate termination of the litigation" in that it affects "whether these potential plaintiffs get the redress afforded them in the FLSA statute at all, since if they are forced to go to another district court under the Little Tucker Act, their damages will be limited to $10,000."  *Id.* at 4–5.  However, the only "substantial ground for difference of opinion" that Plaintiff presents on this issue is his *own* opinion and theory on the viability of *Jentoft*.  *See id.* at 7–8.  Plaintiff concedes that there is otherwise no "substantial ground for difference of opinion" on the matter but instead opts to make a fairness argument.  *See* ECF No. 85 at 3–4 ("For the retaliation claim, there can be no circuit split.  This is a jurisdictional issue unique to the Court of Federal Claims.  However, whether this Court can hear claims from the anti-retaliation portion of the FLSA has sweeping consequences on Mr. Nixon and the 50 other potential litigants . . . .").

Once again, Plaintiff's arguments fall short of the high hurdle presented by the standard for interlocutory appeal.  To begin, the denial of Plaintiff's motion to amend is not a "controlling issue of law," as it was denied on two grounds.  First, Mr. Nixon's claim sounds in tort, which falls outside of this Court's Tucker Act jurisdiction.  *See* 28 U.S.C. 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases *not sounding in tort*." (emphasis added)).  Second, joinder of Mr.

---

[2] Presumably, Plaintiff meant to refer to 28 U.S.C. § 1491(a)(1), which addresses the Court's jurisdiction—not section 1491(a)(2), which concerns the remedies and relief the Court may grant in addition to monetary relief.

Nixon's claims to the present case was not appropriate, as Mr. Nixon's claims were not "from the same time period nor of the same nature as Plaintiff's alleged injuries." April 1st Order at 550. Because Plaintiff contests only one of two independent bases for dismissal, the motion necessarily falls short of presenting a "controlling question of law."

Moreover, even if Plaintiff had presented a "controlling question of law," this Court may *not* certify for interlocutory appeal an issue directly governed by binding precedent. *See Bos. Edison Co. v. United States*, No. 20-529C, 2021 WL 5985538, at *1 (Fed. Cl. Dec. 17, 2021) (unpublished) (denying certification for interlocutory appeal issues resolved by binding precedent). Here, the Federal Circuit has already directly spoken on the issue in question in *Jentoft*. *See* 450 F.3d at 1349–50 (holding that the Court of Federal Claims lacks subject matter jurisdiction where a plaintiff charges the government with acting in a discriminatory or retaliatory manner, as such allegations are tortious in nature). Permitting litigants to seek interlocutory review merely to urge the Federal Circuit to depart from settled precedent would unduly slow the progress of litigation; interlocutory appeal is not the proper vehicle for challenging precedent, and such a request does not present the kind of "exceptional" or "rare" circumstance that warrants immediate review. *See Klamath*, 69 Fed. Cl. at 161. Rather, as the government observes, Mr. Nixon is free to challenge binding precedent through the appropriate avenue:

> [I]f he wishes to pursue this issue before the *en banc* Federal Circuit, there is nothing stopping Mr. Nixon from bringing a complaint before the Court of Federal Claims in a separate action. Presuming that the Court of Federal Claims dismisses his tort claim based upon *Jentoft*, Mr. Nixon can appeal to the Federal Circuit and challenge *Jentoft* by seeking *en banc* review.

ECF No. 80 at 8. For these reasons, the denial of Plaintiff's motion to amend his complaint to add Mr. Nixon as a named plaintiff does not warrant interlocutory review, and Plaintiff's request is denied.

### 2.    RCFC 54(b) Final Judgment as to Mr. Nixon

In addition to seeking certification for interlocutory appeal, Plaintiff asks this Court to certify its order regarding Mr. Nixon as final under RCFC 54(b). However, the entirety of Plaintiff's RCFC 54(b) argument is encompassed by this final paragraph of his petition:

> There is literally no way for Mr. Nixon to get this question answered without appealing to the Court of Appeals for the Federal Circuit . . . . This is why Mr. Nixon asks that at a minimum, the Court certify its order as final for Mr. Nixon, so that he can take his case up on appeal.

ECF No. 79-1 at 10. Aside from failing on its own merits, see *supra* discussion regarding Mr. Nixon's ability to file a separate action asserting his FLSA claim, Plaintiff's argument is so underdeveloped that it is deemed waived. *See Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988) ("Judges are not expected to be mindreaders[;] . . . a [party] has an obligation 'to spell out its arguments squarely and distinctly' or else forever hold its peace." (quoting *Paterson-*

*Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988))).  As the government correctly observes, Plaintiff "does not identify the governing rule of this Court, does not identify any relevant caselaw, and does not develop an argument as to why the Court should enter judgment as to Mr. Nixon."  ECF No. 80 at 9 (citation omitted).

More importantly, the Court is also bound by the Federal Circuit's mandate in this very case, which forecloses such relief.  In response to Mr. Nixon's prior attempt to bring his claims immediately before the circuit, the Federal Circuit explained that its appellate jurisdiction generally extends only to a "final decision" of this Court—in other words, one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Appeal Decision, at *1 (quoting *Catlin*, 324 U.S. at 233).  However, "an order denying a motion for leave to amend a complaint to add the claims of additional plaintiffs is *not a final order*."  *Id.* (emphasis added) (alteration omitted) (quoting *In re Wolfe*, 111 F.3d 142, at *2).  Moreover, as stated earlier, an individual may not seek a final judgment under RCFC 54(b) if he or she was never a party to the case.  *See In re Wolfe*, 111 F.3d 142, at *2.  In short, Mr. Nixon's request for a RCFC 54(b) judgment must be denied because he is not and never was a party to this case, and the denial of a motion for leave to amend a complaint does not constitute a final judgment for RCFC 54(b) purposes.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to certify this Court's April 1st Order for interlocutory appeal under 28 U.S.C. § 1292(d)(2) or to enter final judgment under RCFC 54(b).  Plaintiff's motion to correct and file his third amended complaint out of time (ECF Nos. 82 and 83) is **GRANTED**, and Plaintiff is instructed to file his third amended complaint (ECF No. 83) as a separate docket entry within **fourteen days** of the issuance of this opinion.  The parties are instructed to submit a joint status report within **thirty days** of Plaintiff's filing of his third amended complaint proposing a schedule for further proceedings in this case.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge

12